UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| **KRISHNA TRIPATHI,** *Plaintiff* § § § | |
| v. § | No. 1:25-CV-01203-RP |
| § | |
| **ST. EDWARD'S UNIVERSITY, et al.,** *Defendants* § § § § | |

### ORDER AND REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

TO:  THE HONORABLE ROBERT PITMAN
     UNITED STATES DISTRICT JUDGE

The undersigned submits this report and recommendation to the United States District Judge pursuant to 28 U.S.C. § 636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

Before the Court is Plaintiff Krishna Tripathi's Application to Proceed *In Forma Pauperis*. Dkt. 4. Because Tripathi is requesting permission to proceed *in forma pauperis*, the undersigned must review and make a recommendation on the merits of his claims pursuant to 28 U.S.C. § 1915(e).

### I.    REQUEST TO PROCEED *IN FORMA PAUPERIS*

The Court has reviewed Tripathi's financial affidavit and determined Tripathi is indigent and should be granted leave to proceed *in forma pauperis*. Accordingly, the Court hereby GRANTS Tripathi's request for *in forma pauperis* status, Dkt. 4.

1

The Clerk of the Court shall file the complaint without payment of fees or costs or giving security therefor pursuant to 28 U.S.C. § 1915(a). This indigent status is granted subject to a later determination that the action should be dismissed if the allegation of poverty is untrue or the action is found frivolous or malicious pursuant to 28 U.S.C. § 1915(e). Tripathi is further advised that, although he has been granted leave to proceed *in forma pauperis*, a court may, in its discretion, impose costs of court at the conclusion of this lawsuit, as in other cases. *Moore v. McDonald*, 30 F.3d 616, 621 (5th Cir. 1994).

As stated below, the undersigned has made a § 1915(e) review of the claims made in this complaint and is recommending Tripathi's claims be dismissed under 28 U.S.C. § 1915(e). Therefore, service upon Defendants should be withheld pending the District Judge's review of the recommendations made in this report. If the District Judge declines to adopt the recommendations, then service should be issued at that time upon Defendants.

## II.     REVIEW OF THE MERITS OF THE CLAIM

Because Tripathi has been granted leave to proceed *in forma pauperis*, the undersigned is required by statute to review the Complaint. Section 1915(e)(2) provides in relevant part that "the court shall dismiss the case at any time if the court determines that … the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*,

490 U.S. 319, 325 (1989); *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Neitzke*, 490 U.S. at 327.

Pro se complaints are liberally construed in favor of the plaintiff. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). However, pro se status does not offer a plaintiff an "impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. MBank Houston N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

Tripathi brings this lawsuit against Defendants St. Edwards University ("St. Edwards"), St. Edwards Police Department ("St. Edwards PD"), and the law firms McGinnis Lochridge LLP ("McGinnis") and Ellwanger Henderson LLP ("Ellwanger"), alleging that these entities violated his Fourteenth Amendment rights by engaging in a conspiracy to have him removed from the campus of St. Edwards based on his alleged violation of a "no-contact directive" prohibiting Tripathi from contacting another student. Dkt. 1, at 10-32, 55-60. Tripathi also brings a slew of state-law claims against Defendants and references several criminal statutes in his complaint. *Id.* at 39-55, 61-64. The undersigned finds that Tripathi has not stated any non-frivolous claims for relief and will recommend that the District Judge dismiss his case.

Tripathi cannot maintain any of his federal claims against Defendants. As to his constitutional claims against Defendants St. Edwards, McGinnis, and Ellwanger, Tripathi has failed to sufficiently allege that they were state actors that deprived him

3

of his rights while acting under color of law, as required to state a claim under section 1983. *See Cinel v. Connick*, 15 F.3d 1338, 1342 (5th Cir. 1994); *White v. City of New Orleans*, 844 F. App'x 719, 721 (5th Cir. 2021). The Supreme Court has approved of the treatment of private parties, such as Defendants, as state actors under section 1983 when: (1) there is a close nexus between the government and the challenged conduct; (2) there is a symbiotic relationship between the private party and the government entity; (3) the government and private actor are willing participants in joint activity; or (4) the private party performs a function that traditionally is within the exclusive province of the state. *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 351 (1974); *Moose Lodge No. 107 v. Irvis*, 407 U.S. 163, 175 (1972); *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970). A private party may also be deemed a public actor when a plaintiff sufficiently alleges that the private "citizen conspired with or acted in concert with state actors." *Priester v. Lowndes Cnty.*, 354 F.3d 420 (5th Cir. 2004), *cert. denied*, 543 U.S. 829 (2004). Only in rare circumstances will a private entity be considered a state actor for purposes of section 1983 liability. *Gordon v. Neugebauer*, 57 F. Supp. 3d 766, 773 (N.D. Tex. 2014) (citing *Harvey v. Harvey*, 949 F.2d 1127, 1130 (11th Cir. 1992)).

Here, Tripathi does not plausibly allege that St. Edwards, McGinnis, or Ellwanger, all private parties, satisfy any of the above circumstances under which a private party may be considered a state actor. Dkt. 1, at 28-32, 59-60. Tripathi alleges that St. Edwards, which "is a private corporation," may be considered a state actor based on "its exercise of police powers through state-sworn officers, coordination with

4

federal immigration authorities, and performance of governmental function in SEVIS reporting." Dkt. 1, at 6, 17. Yet "[c]ourts have consistently found that private universities … are not state actors," and the coordination Tripathi alleges between St. Edwards and state actors alleged here is insufficient to render St. Edwards a public actor. *Armbrister v. McFarland*, No. 3:18-CV-1211-B-BH, 2018 WL 6004310, at *4 (N.D. Tex. Oct. 30, 2018) (collecting cases), *report and recommendation adopted*, 2018 WL 5994992 (N.D. Tex. Nov. 15, 2018). Tripathi further alleges that McGinnis engaged in state action by communicating with the Attorney General of Texas on behalf of St. Edwards regarding "an ongoing 'criminal investigation.'" Dkt. 1, at 19. Yet the act of reporting—even maliciously or based on false information—suspected criminal activity does not convert a private party into a state actor for section 1983 purposes. *Dubash v. City of Houston*, No. 4:23-CV-3556, 2024 WL 4351351, at *13 (S.D. Tex. Aug. 26, 2024) (collecting cases), *report and recommendation adopted*, 2024 WL 4355196 (S.D. Tex. Sept. 30, 2024).

Tripathi's allegations that St. Edwards, McGinnis, and Ellwanger[1] engaged in a conspiracy to violate his civil rights are similarly insufficient to render these defendants state actors for the purposes of section 1983. To support a conspiracy between private and public actors sufficient to hold a private actor liable under section 1983, a plaintiff must allege: (1) an agreement between the private and public

---

[1] Tripathi does not allege any other bases under which the Court might consider Ellwanger a public actor. Tripathi's claims against Ellwanger revolve around Tripathi's displeasure with Ellwanger's refusal to offer Tripathi legal services after Tripathi expressed suspicion at a "family emergency" referenced in Ellwanger's email response to Tripathi's initial request for services. *See* Dkt. 1, at 29-32.

5

defendants to commit an illegal act and (2) a deprivation of constitutional rights. *Id.*; *see also Avdeef v. Royal Bank of Scotland, P.L.C.*, 616 F. App'x 665, 676 (5th Cir. 2015). Allegations that are merely conclusory, without reference to specific facts, will not suffice. *Priester*, 354 F.3d at 423 n.9 (citing *Brinkmann v. Johnston*, 793 F.2d 111, 113 (5th Cir. 1986) (per curiam)). Here, Tripathi does not offer specific facts evincing the existence of any conspiracy between St. Edwards, McGinnis, and Ellwanger to deprive Tripathi of his Fourteenth Amendment rights. *See* Dkt. 1, at 9-32, 59-60; *Priester*, 354 F.3d at 420 (affirming dismissal of section 1983 claim against private actor that did not "allege specific facts to show an agreement"); *Walzier v. McMullen*, Civ. A. H-06-2361, 2006 WL 3152137, *5 (S.D. Tex. Nov. 1, 2006) ("To establish a § 1983 cause of action based on conspiracy, plaintiff must do more than make blanket allegations of conspiracy.").

Tripathi also alleges that St. Edwards PD violated his Fourteenth Amendment rights when it "systemically denied" him "equal treatment in complaint filing procedures" by "providing immediate response to complaints filed against [Tripathi] while refusing to process [Tripathi's] harassment complaints through the same formal procedure." Dkt. 1, at 57. Initially, it is unclear that St. Edwards PD is a distinct jural entity capable of being sued separately from St. Edwards. *Doe v. Bonath*, 705 F. Supp. 3d 690, 705 (W.D. Tex. 2023) (dismissing claims against Texas Tech Police Department because it "not a jural entity distinct from Texas Tech University"). But even if St. Edwards PD were an entity capable of being sued and subject to section 1983, Tripathi's constitutional claims against it would still fail. To

establish *Monell* liability under section 1983, a plaintiff must prove three elements: "a policymaker; an official policy; and a violation of Constitutional rights whose 'moving force' is the policy or custom." *Piotrowski v. City of Hou.*, 237 F.3d 567, 578 (5th Cir. 2001) (quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)). "[T]he unconstitutional conduct must be directly attributable to the municipality through some sort of official action or imprimatur." *Id.* In other words, a section 1983 claim cannot be predicated on *respondeat superior* for "isolated unconstitutional actions by municipal employees" and instead the alleged unconstitutional conduct must be "directly attributable" to an official policy. *Id.* at 585 n.16 (citing *Monell*, 436 U.S. at 692). Here, Tripathi's claims against St. Edwards PD arise solely from his negative experiences filing and being the subject of complaints filed with the department. Dkt. 1, at 57. He has not identified an official policy promulgated by St. Edward's PD that was the cause of the alleged violations of his rights under the Fourteenth Amendment.

Having found that Tripathi has failed to state any claims under section 1983, his claims for relief brought under section 1985 also fail. Section 1985(3) is purely remedial in nature and confers no substantive rights. *Great Am. Fed. Sav. & Loan Ass'n v. Novotny*, 442 U.S. 366, 376 (1979); *Mitchell v. Tex. Denton Cnty.*, No. 418CV00490ALMCAN, 2021 WL 4497860, at *8 (E.D. Tex. Aug. 13, 2021) ("A claim of conspiracy is not actionable without an actual violation of § 1983."), *report and recommendation adopted*, 2021 WL 4477694 (E.D. Tex. Sept. 29, 2021). Without an

underlying substantive violation, then, Tripathi's civil conspiracy claims should also be dismissed. *Wong v. Stripling*, 881 F.2d 200, 203 (5th Cir. 1989).

To the extent Tripathi seeks to bring criminal claims against Defendants, federal district courts may not order, initiate, or prosecute criminal charges at the request of civil rights litigants. *McCloud v. Craig*, No. 09-3287, 2009 WL 2515609, *2 (E.D. La. Aug. 17, 2009) ("Federal courts are not investigative or prosecutorial agencies. Individuals seeking the criminal investigation or prosecution of alleged wrongdoers should request the intervention of the appropriate law enforcement authorities, not the federal courts."); *see generally United States v. Nixon*, 418 U.S. 683, 693 (1974) (holding that the executive branch has "exclusive authority and absolute discretion to decide whether to prosecute a case").

Having found that Tripathi has failed to state any claims for relief under federal law, the undersigned recommends that the District Judge decline to exercise supplemental jurisdiction over his state-law claims. Tripathi's sole basis for jurisdiction rests on the assertion of federal causes of action, and under section 1367, the Court may decline to exercise supplemental jurisdiction over remaining state-law claims where it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3); *Noble v. White*, 996 F.2d 797, 799 (5th Cir. 1993) ("District courts enjoy wide discretion in determining whether to retain supplemental jurisdiction over a state claim once all federal claims are dismissed."); *see also Heggemeier v. Caldwell Cnty.*, 826 F.3d 861, 872 (5th Cir. 2016) ("[A] court should decline to exercise jurisdiction over remaining state-law claims when all federal-law claims are

eliminated before trial." (quoting *Brookshire Bros. Holding, Inc. v. Dayco Prods., Inc.*, 554 F.3d 595, 599 (5th Cir. 2009))).

## III.   ORDER AND RECOMMENDATION

The undersigned hereby **GRANTS** Tripathi's Application to Proceed *In Forma Pauperis*. Dkt. 4. The undersigned **RECOMMENDS** the District Judge **DISMISS** Tripathi's cause of action with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) and **DENY AS MOOT** any remaining pending motions.

The referral of this case to the Magistrate Judge should now be canceled.

## IV.   WARNINGS

The parties may file objections to this report and recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Judge need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days after the party is served with a copy of the report shall bar that party from *de novo* review by the District Judge of the proposed findings and recommendations in the report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Judge. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED August 27, 2025.

                                              DUSTIN M. HOWELL
                                              UNITED STATES MAGISTRATE JUDGE